UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NEEMA MUSHI,

     Plaintiff,

     v.

LJ ROSS ASSOCIATES, INC.,

     Defendant.

CIVIL ACTION NO. 3:21-cv-01300

(MANNION, J.)
(SAPORITO, M.J.)

## **MEMORANDUM**

This matter comes before the Court on the defendant's motion for a more definite statement, filed pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 6.)

This civil action was initiated on June 21, 2021, by the filing of a *pro se* civil complaint in a Pennsylvania state magisterial district court. (Doc. 1-2.) It was timely removed to this federal district court by the defendant on July 23, 2021. (Doc. 1.) The defendant, a debt collection agency, removed the case on the ground that the *pro se* plaintiff's claim arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, a federal statute. (*See id.*)

The plaintiff's complaint is handwritten on a form prescribed by the state court administrator. *See generally* Pa. R. Civ. P. Magis. Dist. J. 304.

In addition to the names and addresses of the parties, the plaintiff has stated in her verified complaint that she seeks $3,268 in damages, plus costs, based on the following allegations:

> Ms. Frank Mdawa was using the account for PPL under my name without [my] knowledge. Ms. Frank not[a]rize[d] paperwork acknowledg[ing] the account, tak[ing] ownership of the account. Both Frank[] & I emailed LJ Ross[,] provide[d] the copies of the not[a]rized documents. But [LJ Ross] still didn't remove the account [from] my credit [report].

(Doc. 1-2.)

On August 11, 2021, the defendant filed a motion for a more definite statement, arguing that the *pro se* complaint was too vague and ambiguous for the defendant to be reasonably expected to make a responsive pleading. (Doc. 6.) The defendant has construed the *pro se* complaint as one asserting a claim under the FCRA, but it suggests that the *pro se* plaintiff may be seeking relief under some other legal theory, and it argues that it should not be required to guess at such other legal theories. The defendant also argues that the sparse facts alleged by the *pro se* plaintiff—set forth in their entirety above—are too vague for it to admit or deny the factual allegations in good faith, to identify the plaintiff's causes of action, to identify its potential affirmative defenses,

or to prepare discovery requests.[1]

The plaintiff has filed no response to the defendant's motion for a more definite statement. Thus, under the local rules, the motion may be deemed to be unopposed. *See* L.R. 7.6. But, based on the pleadings and motion papers, we nevertheless find in inappropriate to grant the motion.

As this court has previously stated:

> Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Like Rule 12(b)(6), Rule 12(e) must be read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. Even after the Supreme Court's ruling in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), courts have held that "[t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently unintelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed. *Lapcevic v. Strive Enterprises, Inc.*, No. 2:09-cv-564, 2010 WL 1816752, at *7 (W.D. Pa. Apr. 8, 2010) (quoting *Sun Co. v. Badger Design & Constructors*, 939 F. Supp. 365, 368 (E.D. Pa. 1996)).

---

[1] The defendant also notes that the allegations of the handwritten complaint are unnumbered, *see* Fed. R. Civ. P. 10(b), but the *pro se* complaint was handwritten on a preprinted form promulgated by and filed in the state courts, *see* Pa. R. Civ. P. Magis. Dist. J. 304(a). The applicable state civil rule does not require the numbering of paragraphs. *See* Pa. R. Civ. P. Magis. Dist. J. 304.

> Granting a Rule 12(e) motion is appropriate only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Sun Co.*, 939 F. Supp. at 368.

*Pozarlik v. Camelback Assocs., Inc.*, Civil Action No. 3:11-CV-1349, 2012 WL 760582, at \*2 (M.D. Pa. Mar. 8, 2012); *see also Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 797–98 (3d Cir. 1967). "The basis for granting such a motion is unintelligibility, *not lack of detail.*" *Cobb v. Nye*, No. 4:14-cv-0865, 2014 WL 7067578, at \*5 (M.D. Pa. Dec. 12, 2014) (quoting *Wood & Locker, Inc. v. Doran & Assocs.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989)) (emphasis added).

Here, while the *pro se* complaint may only allege facts sparsely, it cannot be said that the complaint is so unintelligible that the court is unable to make out one or more potentially viable legal theories on which the claimant might proceed. *See Pozarlik*, 2012 WL 760582, at \*2. The complaint here is intelligible enough for the defendant to have removed it to federal court on the ground that it asserts a federal claim under the FCRA, and we agree that this is a reasonable construction of the *pro se* complaint. Whether it alleges sufficient facts to state a plausible claim upon which relief can be granted is another matter altogether—one

- 4 -

which is not currently before the court.

Indeed, contrary to the defendant's suggestion, it is well established that "[a] party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." *Elec. Constr. & Maint. Co., Inc. v. Maeda Pac. Corp.*, 764 F.2d 619, 622 (9th Cir. 1985); *accord Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, Civil Action No. 2:06-cv-1797, 2014 WL 982848, at *7 n.11 (E.D. Pa. Mar. 13, 2014) (quoting *Maeda Pac. Corp.*); *Cobb*, 2014 WL 7067578, at *5 ("Plaintiffs need not, at this stage, plead with particularity the exact statutes and regulations that they are charging Defendants with violating."). Moreover, the review of a *pro se* complaint focuses on whether the facts alleged state a claim under *any legal theory*, not just those explicitly named in the complaint. *Small*, 398 F.3d at 898; *Ohuche v. Merck & Co., Inc.*, 903 F. Supp. 2d 143, 150 (S.D.N.Y. 2012); *Thiel v. Nelson*, 422 F. Supp. 2d 1024, 1028 (W.D. Wis. 2006). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions).

Accordingly, the defendant's motion for a more definite statement will be denied.[2]

An appropriate order follows.

Dated: October 14, 2021                    **_s/Joseph F. Saporito, Jr._**
                                           JOSEPH F. SAPORITO, JR.
                                           United States Magistrate Judge

---

[2] A Rule 12(e) motion for a more definite statement is a non-dispositive motion upon which a magistrate judge may rule. *See Cheshire v. Bank of Am., NA*, 351 Fed. App'x 386, 388 (11th Cir. 2009) (per curiam); *Allen v. Citrus Heights Police Dep't*, No. 2:20-cv-1853-JAM-KJN PS, 2021 WL 3268959, at *1 n.2 (E.D. Cal. July 30, 2021); *Haber v. Collecto, Inc.*, No. 20-CV-6637 (AJN) (BCM), 2020 WL 7318280, at *3 (S.D.N.Y. Dec. 11, 2020); *Rohring v. Pegasus Support Servs., LLC*, No. 19-CV-905 (JLS), 2020 WL 2465091, at *1 n.1 (W.D.N.Y. May 13, 2020).